UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | Criminal No: 19-cr-251-LM |
| ) | |
| JOHNATHON IRISH, ) | |
| defendant ) | |

GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

Pursuant to Rule 30(a) of the Federal Rules of Criminal Procedure, as well as Local Rule 30.1, the United States of America respectfully requests that the Court include the following instructions in its charge to the jury, and requests leave to offer such other and additional instructions as may become appropriate during the course of the trial.

Respectfully submitted,

SCOTT W. MURRAY
United States Attorney

Date:  January 21, 2020          By:     /s/ Anna Krasinski
                                          Anna Krasinski
                                          Assistant U.S. Attorney
                                          Bar No: (WV) 12762
                                          53 Pleasant Street, 5th Floor
                                          Concord, NH   03301
                                          anna.krasinski@usdoj.gov
                                          (603) 225-1552

## GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 1

### Possession of a Firearm in or Affecting Commerce by a Convicted Felon
### Count One
### 18 U.S.C. § 922(g)(1)

Count One of the Indictment charges the defendant with possessing firearms in or affecting commerce after having been convicted of a crime punishable by imprisonment for more than one year. It is against federal law for a convicted felon to possess a firearm that was connected with interstate or foreign commerce. For you to find the defendant guilty, you must be satisfied that the government has proven each of the following things beyond a reasonable doubt:

First, that defendant has been convicted in any court of at least one crime punishable by imprisonment for a term exceeding one year.

Second, that the defendant knew that he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year.[1]

Third, that defendant knowingly possessed the firearms described in the Indictment.

Fourth, that the firearm was connected with interstate or foreign commerce.

The term "firearm" means any weapon that will, or is designed to, or may readily be converted to expel a projectile by the action of an explosive.[2]

"Interstate or foreign commerce" means that the firearm, at any time after it was manufactured, moved from one state to another or from a foreign country into the United States. The travel need not have been connected to the charge in the Indictment, need not have been in furtherance of any unlawful activity and need not have occurred while the defendant possessed the firearm.

The government does not have to prove that the defendant knew his conduct was illegal.

The word "knowingly" means that the act was done voluntarily and intentionally, not

---

1 *Rehaif v. United States*, 139 S. Ct. 2191 (2019).
2 18 U.S.C. § 921(a)(3)(A), (B).

because of mistake or accident. Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what defendant knew or intended at a particular time, you may consider any statements made or acts done or omitted by defendant and all other facts and circumstances received in evidence that may aid in your determination of defendant's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.[3]

The term "possess" means to exercise authority, dominion or control over something.  It is not necessarily the same as legal ownership. The law recognizes different kinds of possession.

Possession includes both actual and constructive possession. A person who has direct physical control of something on or around his or her person is then in actual possession of it. A person who is not in actual possession, but who has both the power and the intention to exercise control over something is in constructive possession of it.  A person must have actual knowledge of the weapon in order to have constructive possession of it.  Briefness of contact alone does not preclude a finding of possession.  Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.[4]

"Possession" also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.[5]

---

[3] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction 4.18.922(a) (2019 revisions).
[4] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction 4.18.922(g) (2019 revisions).
[5] Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Instruction 4.18.922(g) (2019 revisions).