UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No: 19-cr-251-LM |
| ) | |
| JOHNATHON IRISH, ) | |
| defendant ) | |

GOVERNMENT'S PROPOSED FORFEITURE JURY INSTRUCTIONS

The United States of America respectfully requests that the Court include the following jury instructions in the forfeiture phase, if necessary, in this trial.

The United States is requesting forfeiture of the following properties, identified in the Notice of Forfeiture and Count One of the Indictment: (A) Sig Sauer, model 1911, .45 caliber pistol, S/N GS34120; (B) Sig Sauer 516, 5.56 NATO rifle, S/N 53E001326; (C) Century International Arms Catamount Fury, 12 gauge shotgun, S/N CAT-002586, and (D) miscellaneous magazines and ammunition.

The Court must determine, *before the jury begins its initial deliberations on guilt or innocence*, whether either party requests a jury as to forfeiture. Fed. R. Crim. P. 32.2(b)(5)(A). If the defendant is found guilty *and* he requests, under Rule 32.2(b)(5) of the Federal Rules of Criminal Procedure, that the jury determine whether the United States has established the requisite nexus between seized property and the Count One offense, the United States proposes the following jury instructions and special verdict form relating to the criminal forfeiture. If the defendant *does not* request a jury determination, the United States will also waive the jury and ask the Court to decide whether the nexus has been established. Fed. R. Crim. P. 32.2(b)(1)(A)(B).   In the present case, the United States anticipates that the trial evidence will

be sufficient for the Court or, if necessary and requested by the defendant, the jury, to decide the forfeiture of the property without additional evidence or arguments of counsel.

If the defendant requests a jury determination of forfeiture in this case, the jury's role is limited to a determination of whether the United States has established the requisite nexus between specific property, *i.e.*, the firearms, magazines, and ammunition, and the related offense of conviction. Therefore, the United States requests that the following instructions be read to the jury prior to deliberation on the forfeiture phase of the trial.

    Respectfully submitted,

    SCOTT W. MURRAY
    United States Attorney

Dated: January 21, 2020    By: /s/ Anna Z. Krasinski
    Assistant U.S. Attorney
    West Virginia Bar # 12762
    53 Pleasant Street, 4th Floor
    Concord, New Hampshire 03301
    (603) 225-1552
    anna.krasinski@usdoj.gov

## **GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 1**

### **Jury's Duty Regarding Forfeiture**

Ladies and Gentlemen of the Jury, in view of your verdict on Count One that the defendant possessed firearms in violation of 18 U.S.C. § 922(g)(1), you have one more task to perform before I discharge you.[1]

What you must now decide is whether the defendant must forfeit three seized firearms—a Sig Sauer pistol, a Sig Sauer rifle, and a Century International Arms Shotgun, as well as magazines and ammunition—that the Government claims are subject to forfeiture to the United States because of their connection to this crime. Forfeiture means the defendant loses any ownership or interest he has or claims to have in the firearms as part of the penalty for engaging in criminal activity.

Under federal law, any person who is convicted of violating 18 U.S.C. § 922(g)(1) shall forfeit to the United States any firearms or ammunition involved in or used in that violation or intended to be used in that violation.[2]

You must now consider what verdict to render on the question whether there is a nexus, that is, a connection, between the seized firearms and ammunition identified on the Special Verdict that I will provide to you and the firearms violation of which you have already found Defendant guilty.[3]

---

[1] Fed. R. Crim. P. 32.2(b)(1) ("As soon as practical after a verdict or finding of guilty . . . on any count in an indictment . . . regarding which criminal forfeiture is sought, the court must determine what property is subject to forfeiture under the applicable statute."); *see also* Rule 32.2(b)(5)(A), providing for a jury determination upon a party's request.
[2] 18 U.S.C. § 924(d).
[3] Fed. R. Crim. P. 32.2(b)(1) (court or jury shall "determine whether the government has established the requisite nexus between the property and the offense").

I instruct you, however, that your previous finding that the defendant is guilty of the firearms violation is final, conclusive, and binding. Because you are bound by your previous finding that the defendant is guilty, I direct you not to discuss in your forfeiture deliberations whether the defendant is guilty or not guilty of any firearms violation.

All of my previous instructions regarding direct and circumstantial evidence, credibility of witnesses, and duty to deliberate apply with respect to your verdict regarding forfeiture.

## GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 2

### Government's Burden of Proof Regarding Forfeiture

My previous instructions on the government's burden of proof regarding your verdicts on the guilt of the defendant do not apply to your deliberations and verdict regarding forfeiture. In deliberating and deciding your verdict regarding forfeiture, I instruct you that the government need only prove by a preponderance of the evidence that the firearms and ammunition were involved in or used in the defendant's crime. The government is not required to prove this beyond a reasonable doubt.

The government must establish by a preponderance of the evidence that the property is subject to forfeiture.[4] I instruct you that, in order for the government to establish by a preponderance of the evidence that the firearms and ammunition in question were involved in or used in the defendant's crime, the government must prove that it is more likely than not that the firearms and ammunition were in fact the property involved in or used in that crime.[5] In other words, "preponderance of the evidence" means that the government's evidence, when considered and compared with that opposed to it, has more convincing force and produces in your minds a belief that the firearms and ammunition were involved in or used in the defendant's crime. Your job is to determine whether it is *more likely than not* that the firearms and ammunition were involved in or used in the Defendant's crime. That the firearms and ammunition were involved in or used in the violation may be established by circumstantial evidence.

---

[4] *Libretti v. United States*, 116 S. Ct. 356, 363 (1995) (21 U.S.C § 853 - criminal forfeiture is part of sentencing); *see also United States v. Bieri*, 21 F.3d 819 (8th Cir. 1994). The language of 18 U.S.C. § 924(d) regarding proof of intent by "clear and convincing evidence" is not applicable to the forfeiture phase of a criminal trial, because the only issue at that point is the nexus between the firearm and the offense, not criminal intent, which the jury has already found beyond a reasonable doubt.

[5] *See, e.g., United States v. Cox*, 851 F.3d 113 (1st Cir. 2017).

## **GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 3**

**Jury May Consider Trial Evidence as Well as  
Any Additional Evidence Presented on the Issue of Forfeiture**

While deliberating, you may consider any evidence, including testimony, offered by the parties at any time during this trial.[6]

---

[6] *United States v. Farkas,* 474 F. App'x 349, 360 (4th Cir. 2012); *United States v. Capoccia,* 503 F.3d, 103, 109 (2d Cir. 2007); *United States v. Merold,* 46 F. App'x 957 (11th Cir. 2002) (Table); *United States v. Bornfield*, 145 F.3d 1123, 1134 (10th Cir. 1998) (quoting jury instruction that while deliberating on forfeiture "you may consider any evidence offered by the parties before your previous deliberations.")

## GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 4

**Duty Not to Consider Certain Issues to Be Decided by the Court**

I further instruct you that what happens to any property that is declared forfeited is exclusively a matter for the court to decide.   You should not consider what might happen to the property in determining whether the property is subject to forfeiture. In this connection, you should disregard any claims that other persons may have to the property.   The interests that other persons may have in the property will be taken into account by the court at a later time. Similarly, any claims that the forfeiture of the property would constitute excessive punishment will be taken into account by the court at a later time.

Your sole concern now is to determine whether the firearms and ammunition were involved in or used in the firearms violation which you have found the defendant committed.

## **GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 5**

### **Unanimous verdict**

You must reach a unanimous verdict as to the question on the special verdict form. Everyone must agree to any "YES" or "NO" answer. Everyone must agree on whether the preponderance of the evidence proves that the firearms, magazines, and ammunition were involved in or used in the firearms violation of which the defendant was convicted.

# GOVERNMENT'S PROPOSED FORFEITURE INSTRUCTION NO. 6

## Special Verdict Form

A special verdict form has been prepared for you. The special verdict form lists the property which the Government asserts is property subject to forfeiture.

You may answer by simply putting an "X" or check mark in the space provided next to the words "YES" or "NO".

## **SPECIAL VERDICT**

Was the following property involved in or used in the firearms violation of which the defendant was convicted, as charged in Count One?

 **One Sig Sauer 1911, .45 caliber pistol, S/N: GS34120, seized during the investigation of the offense set forth in Count One:**

  YES _____     NO _____.

Was the following property involved in or used in the firearms violation of which the defendant was convicted, as charged in Count One?

 **One Sig Sauer 516, 5.56 NATO rifle, S/N 53E001326, seized during the investigation of the offense set forth in Count One:**

  YES _____     NO _____.

Was the following property involved in or used in the firearms violation of which the defendant was convicted, as charged in Count One?

 **One Century International Arms Catamount Fury 12 gauge shotgun, S/N: CAT-002586, seized during the investigation of the offense set forth in Count One:**

  YES _____     NO _____.

Was the following property involved in or used in the firearms violation of which the defendant was convicted, as charged in Count One?

 **Miscellaneous magazines and ammunition seized during the investigation of the offense set forth in Count One:**

  YES _____     NO _____.

Foreperson sign and date the completed verdict form.

_____ _____
Foreperson                 Date