UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.              )<br>)<br>JOHNATHON IRISH,       )<br>    defendant          ) | Criminal No: 19-cr-251-LM |

**<u>Objection to Defendant's Motion in Limine to Exclude Download to Defendant's Phone</u>**

As a convicted felon, defendant Johnathon Irish is legally prohibited from possessing firearms. Defendant is charged with the unlawful possession of three firearms, in violation of 18 U.S.C. § 922(g)(1), from at least December 26, 2018, to November 17, 2019. The Government expects that the evidence at trial will show that defendant's cellphone was seized from him upon his arrest. Investigators obtained a warrant to search the phone and found that on December 13, 2019, at 2:20:20 am, defendant downloaded a document titled "Quick Facts Felon in Possession of a Firearm." The Court should permit the introduction of this download as evidence of consciousness of guilt.

General Standards for Admissible Evidence

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Federal Rule of Evidence 402, in turn, provides that "[a]ll relevant evidence is admissible" unless specifically excluded. Fed. R. Evid. 402. Finally, Federal Rule of Evidence 403 allows a court to exclude otherwise admissible evidence "if its probative value is substantially outweighed by the danger of unfair prejudice." Fed. R. Evid. 403. Generally speaking, any proof of guilt is prejudicial to the defendant. The prejudice that Rule 403 is concerned with involves "evidence that invites the jury to render a verdict on an improper emotional basis" or for evidence that is "shocking or heinous" and "likely to inflame the jury." *United States v. Varoudakis*, 233 F.3d 113, 121 (1st Cir. 2000).

"Consciousness of guilt evidence is generally admissible in a criminal case." *United States v. Molina*, 407 F.3d 511, 530 (1st Cir. 2005); *see also United States v. Sasso*, 695 F.3d 25, 29 (1st Cir. 2012) ("[A]n attempt to cover up the commission of a crime implies consciousness of guilt.").

<u>The download demonstrates consciousness of guilt</u>

The defendant's download is highly probative of consciousness of guilt and is not unfairly prejudicial. The defendant's download of the document titled Quick Facts Felon in Possession of a Firearm demonstrates that the defendant was intensely focused on legal exposure for a felon possessing weapons. Indeed, the Government also anticipates that there will be evidence and testimony that defendant, aided by his mother, attempted to distance himself from the firearms after the fact. For example, the Government anticipates that one witness will testify that the defendant called the witness around Christmas of 2019 to inquire whether the witness had spoken to law enforcement officers about the defendant's possession of firearms. When the witness stated that he had, the defendant hung up on him. In a similar vein, the Government anticipates that another witness will testify that the defendant instructed that witness to state that the witness had possession of the firearms when, in fact, the witness had given them to the defendant and the defendant's wife. While the full probative value of the download may not be completely clear in isolation, the cumulative probative value of this with witness testimony and evidence regarding the defendant's actions related to witness interactions with law enforcement is quite strong.

Moreover, the download is certainly prejudicial, but it is not "unfairly" prejudicial. That defendant downloaded this document onto his phone is not confusing, will not mislead the jury, cause undue delay, or needlessly present cumulative evidence. This evidence should thus be admitted as probative of the defendant's consciousness of guilt.

Date: February 5, 2020 By: /s/ Anna Krasinski
Anna Krasinski
Assistant U.S. Attorney
Bar No: (WV) 12762
53 Pleasant Street, 5th Floor
Concord, NH 03301
anna.krasinski@usdoj.gov
(603) 225-1552

By: /s/ Kasey Weiland
Kasey Weiland
Assistant U.S. Attorney
Bar No. 272495
53 Pleasant Street, 4th Floor
Concord, NH 03301
(603) 225-1552
kasey.weiland2@usdoj.gov