**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE**

United States of America

   v.                                                          Criminal No. 19-cr-251-LM

Johnathon Irish

**O R D E R**

At a hearing on February 6, 2020, and a telephone conference later the same date, the court heard arguments on three motions in limine and discussed several additional matters with counsel. The court also ordered additional briefing on two issues.

**I. Motions in Limine**

The court begins by summarizing its ruling on the motions in limine.

### Doc. No. 16 (Defendant's Motion to Exclude 404(b) evidence)

Defendant moves to exclude any evidence of defendant's conduct underlying his 2014 convictions for (a) False Statement to a Federal Agent and (b) Aiding and Abetting a False Statement (by having Stephanie Irish purchase a gun for him). The government has no intention of eliciting evidence of this conduct. The government argues that this evidence is admissible <u>only</u> in the event that defendant "opens the door" to it. Nevertheless, as the court explained, the Rule 403 balancing test may still weigh against admissibility.

### Doc. No. 17 (Defendant's Motion to Exclude photographs of guns taken by Stephanie Irish)

For the reasons stated on the record, the court rules that neither the photographs nor testimony about them is admissible. The government is not calling Stephanie Irish

as a witness.  Through introduction of the photographs and testimony about them, the government is effectively eliciting evidence that Stephanie Irish accused defendant of possessing the firearms at issue in this case without ever calling her as a witness.

**Doc. No. 18 (Defendant's Motion to Exclude—exhibit 34B—download to defendant's phone)**

The government intends to introduce the fact that defendant downloaded a document entitled "Quick Facts Felon In Possession of a Firearm."  The government does not seek to introduce the document—only the title of the document and the fact that defendant downloaded it to his phone.  The court did not issue a ruling from the bench on this evidence.  However, after further consideration, and after reviewing the document itself (which contains data from the United States Sentencing Commission on sentences for the crime of Felon in Possession), the court grants the motion.  The evidence is only minimally relevant—on consciousness of guilt—and has the potential to confuse and mislead the jury, and to cause the jury to speculate about the document in a manner potentially prejudicial to the defendant.  Exhibit 34B is therefore excluded.

II. **Additional Matters**

Additional matters were discussed with counsel as follows:

**Government's Exhibits 1 and 2**

These documents are referred to as "stipulations" on the government's exhibit list.  So as not to confuse the jury with respect to past stipulations entered in other cases (such as Exhibits 1 and 2) and the stipulations the parties are entering in this case, counsel have agreed not to refer to Exhibits 1 and 2 as "stipulations."

**Government's Exhibit 2 (Roscoe Whitney July 2015 agreement).**

Roscoe Whitney will be testifying in the government's case-in-chief.  This document may well be admissible to impeach or rehabilitate Mr. Whitney—but the court is not inclined to permit its admission on direct of Mr. Whitney

2

without further argument (i.e., it appears to be hearsay). Moreover, to the extent it comes in, it must be redacted as discussed at the hearing.

**Doc. No. 22 (Defendant's request for additional instructions on definition of the "frame or receiver" of a firearm)**

This request appears dependent on the government's theory of the nexus between the firearm at issue (one of the three firearms) and interstate commerce. Only the firearm at issue raises a potentially novel nexus theory. The government will argue that defendant's having modified the firearm at issue suffices to prove the required nexus between the firearm and interstate commerce. At this time, the government does not intend to argue that the firearm at issue (or any portion of it) travelled in interstate commerce. The court reserves ruling on this request.

### III. Further Briefing

The court ordered further briefing to be filed on or before February 8, 2020, at 9:00 a.m. on the following two issues:

(1) The law with respect to the government's nexus to interstate commerce theory. That is, that the modifications to the firearm at issue can satisfy the nexus element.

(2) Whether a unanimity instruction (i.e., jury unanimity with respect to each gun charged in indictment) is necessary in this case.

**SO ORDERED.**

_____
Landya McCafferty
United States District Judge

February 6, 2020
cc:  Benjamin L. Falkner, Esq.
     Anna Z. Krasinski, Esq.
     Kasey A. Weiland, Esq.
     U.S. Probation
     U.S. Marshal