```
                    UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW HAMPSHIRE
```

<u>United States</u>

   v.                                    Criminal No. 19-cr-00251-LM

<u>Johnathon Irish</u>


**O R D E R**

The defendant, Johnathan Irish, is charged with one count of being a convicted felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1).  In the indictment, the government provided the defendant notice that if he is convicted of that crime, it would seek forfeiture of the firearms and ammunition involved in the commission of the crime.  The defendant's trial will begin on February 10, 2020.

The government proposed forfeiture jury instructions (doc. no. 10) that provide that the government is entitled to forfeiture if it establishes, by a preponderance of the evidence, that the firearms and ammunition listed were "involved in or used in" defendant's crime.  Defendant objects (doc. no. 23), arguing that under 18 U.S.C. § 924(d), the government is entitled to forfeiture only if it proves by clear and convincing evidence that the firearms and ammunition were "intended to be

1

used" in the defendant's crime.

18 U.S.C. § 924(d)(1) provides in relevant part that:

> "<u>Any firearm or ammunition involved in or used in any knowing violation of subsection</u> (a)(4), (a)(6), (f), <u>(g)</u>, (h), (i), (j), or (k) <u>of section 922</u>, or knowing importation or bringing into the United States or any possession thereof any firearm or ammunition in violation of section 922(l), or knowing violation of section 924, or willful violation of any other provision of this chapter or any rule or regulation promulgated thereunder, or any violation of any other criminal law of the United States, <u>or any firearm or ammunition intended to be used in any offense referred to in paragraph (3) of this subsection, where such intent is demonstrated by clear and convincing evidence</u>, shall be subject to seizure and forfeiture . . . ."

(emphases added).  In <u>United States v. Four Hundred Seventy Seven (477) Firearms</u>, 698 F. Supp. 2d 890 (E.D. Mich. 2010), a Michigan district court interpreted the plain language of this statute.  It concluded that the "clear and convincing" standard applies only when the basis of the forfeiture is that the firearms were intended to be used in one of the offenses enumerated in 18 U.S.C. § 924(d)(3).  See <u>id.</u> at 892-93.  This court agrees with the reasoning of that case.  See <u>id.</u>

Here, the defendant is charged with violating 18 U.S.C. § 922(g)(1).  This crime is not one of those enumerated in 18 U.S.C. § 924(d)(3).  See 18 U.S.C. § 924(d)(3).  Therefore, the "intended to be used" language and the clear and convincing standard do not apply to this case.

Rather, the plain language of the statute makes clear that for a knowing violation of 18 U.S.C. § 922(g), which is alleged in this case, the government is entitled to forfeiture of "any firearm or ammunition involved in or used in" that knowing violation of 18 U.S.C. § 922(g).  See 18 U.S.C. § 924(d)(1); United States v. Jones, No. 18-CR-0128-001-CVE, 2019 WL 490349, at *2 (N.D. Okla. Feb. 7, 2019) (applying "involved in or used in" language to forfeiture when defendant was charged with violation of § 922(g)); United States v. Five Firearms & Miscellaneous Ammunition, No. 5:19-CV-00032, 2019 WL 5399543, at *2 (W.D. Va. Oct. 22, 2019) (same).

Regarding the proper standard of proof, courts have consistently held that a forfeiture award is "part of the sentence rather than the substantive offense" and therefore, the preponderance of the evidence standard generally applies to forfeiture proceedings.  United States v. Cox, 851 F.3d 113, 129 (1st Cir. 2017); see also United States v. Konopski, 685 F. App'x 63, 66 (2d Cir. 2017) (affirming use of preponderance standard under 18 U.S.C. § 924(d)).  Thus, the court disagrees with the defendant's reading of the statute.  In the event that forfeiture instructions are necessary, the court will instruct the jury that the government is entitled to forfeiture if it proves by a preponderance of the evidence that the firearms and

ammunition listed in the indictment were "involved in or used in" the commission of the offense. See 18 U.S.C. § 924(d)(1). To the extent the defendant requests a different jury instruction, that request (doc. no. 23) is denied.

    SO ORDERED.

_____
Landya McCafferty
United States District Judge

February 7, 2020

cc: All counsel of record

4