UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>)<br>JOHNATHON IRISH, )<br>    defendant )  | Criminal No: 19-cr-251-LM |

## GOVERNMENT'S POST-HEARING SUBMISSION

Following a status conference in this matter, the Court ordered briefing on two issues. The first regards the Government's theory on interstate nexus as it relates to the Sig Sauer, Model SIG 516, 5.56 caliber rifle, s/n 53E001626. The second as to whether the jury should be instructed that there is no need for unanimity with respect to which weapon the defendant possessed.

**1. The parties have reached an agreement regarding the Sig Sauer, Model SIG 516 rifle.**

To streamline the issues at trial, the parties have agreed to strike the Sig Sauer, Model SIG 516 rifle from the indictment and proceed with the remaining two firearms identified in the indictment. Defense counsel has agreed that the Sig Sauer, Model SIG 516, 5.56 caliber rifle, s/n 53E001626 (identified as exhibit 6 on the government's exhibit list) remains admissible evidence in this case and will be admitted at trial without objection.

**2. The Court should instruct the jury that the possession element may be established if the jury finds that the defendant knowingly possessed any firearm described in the indictment.**

"It is settled law that Congress did not intend the possession of a particular firearm to be an element of a § 922(g)(1) violation." *United States v. Leahy*, 473 F.3d 401, 410 (1st Cir. 2007) (internal quotation marks omitted). "Consequently, there is no need for unanimity within the relevant unit of prosecution, that is, with respect to weapons possessed in one place at one time." *Id.* (internal quotation marks omitted). Here, because there are multiple firearms alleged within count one of the indictment, the jury should be instructed that the possession element may be

established if you find that the defendant knowingly possessed any firearm described in Count One of the indictment.  *See United States v. Verrecchia*, 196 F.3d 294, 296 (1st Cir. 1999) (noting that there is no need for unanimity with respect to which firearm the defendant possessed). This is particularly so if the defendant intends to argue that there is insufficient evidence to link him to particular guns identified in the indictment.   Thus, the government respectfully requests that the Court instruct the jury the government is not required to prove that the defendant possessed every firearm described in the indictment and that the possession element may be established if the jury finds that he knowingly possessed any firearm described in the indictment.

Respectfully submitted,
SCOTT W. MURRAY
United States Attorney

Date:   February 7, 2020

By:   */s/ Anna Z. Krasinski*
Anna Z. Krasinski
Assistant U.S. Attorney
Bar No: (WV) 12762
53 Pleasant Street, 4th Floor
Concord, NH   03301
anna.krasinski@usdoj.gov
(603) 225-1552

By:   */s/ Kasey Weiland*
Kasey Weiland
Assistant U.S. Attorney
Bar No: 272495
53 Pleasant Street, 4th Floor
Concord, NH   03301
kasey.weiland@usdoj.gov
(603) 225-1552