UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | DOCKET NO. 19-CR-251-LM |
| V. ) | |
| ) | |
| JOHNATHON IRISH ) | |

**DEFENDANT'S OBJECTION TO THE GOVERNMENT'S
POST-HEARING SUBMISSION**

Defendant Johnathon Irish hereby objects to the Government's Post-Hearing Submission. First, as to section 1, Irish agrees that the parties have reached agreement as to the rifle, and agrees that the Government has accurately set forth the parties' agreement. Second, as to the Government's request for a non-unanimity instruction, Irish objects. Irish acknowledges that, in *United States v. Verrecchia*, 196 F.3d 294 (1st Cir. 1999), the Court held that possession of any particular firearm is not an element of the offense. Nonetheless, here, given the parties' agreement as to the rifle, the jury here must determine whether Irish possessed the pistol and/or the shotgun. The evidence as to each firearm is expected to be wildly divergent. Irish expects there to be testimony that he previously (legally) possessed the handgun. There is no such expected testimony as to the shotgun. There is expected to be testimony as to where, when and how Johnathon and/or Stephanie Irish acquired the pistol, but no such expected testimony as to the shotgun. There is expected testimony that Johnathon Irish carried the pistol on his person, and even fired it, on certain occasions, but no such evidence is expected vis-à-vis the shotgun.

Although both firearms were seized in one location by federal agents, that location was not within the physical possession of Mr. Irish and not at his home. Given the specific factual record expected in this case (in particular the wildly divergent evidence as to each particular firearm), lack of unanimity as to which firearm was possessed by Mr. Irish could very well result in his being convicted where some jurors believe that he committed one crime and others believing that he committed a different crime at a different crime and in a different location. Such a verdict would violate Mr. Irish's rights under the Fifth and Sixth Amendment to grand jury presentment (Fifth), to be informed of the nature and cause of the accusation (Sixth), to due process of law (Fifth), to a unanimous and impartial jury (Fifth and Sixth) and to proof beyond a reasonable doubt (Fifth and Sixth).

>Defendant
>Johnathon Irish
>By his Attorney,
>
>*/s/ Benjamin L. Falkner*
>Benjamin L. Falkner (NH Bar No. 17686)
>KRASNOO, KLEHM & FALKNER LLP
>28 Andover Street, Suite 240
>Andover, MA  01810
>(978) 475-9955 (telephone)
>(978) 474-9005 (facsimile)
>bfalkner@kkf-attorneys.com

Dated:  February 7, 2020

## **CERTIFICATE OF SERVICE**

      I hereby certify that I served a true copy of the within document upon the attorney of record for the Government via the Court's ecf system on February 7, 2020.

                                          */s/ Benjamin L. Falkner*
                                          Benjamin L. Falkner