**2.12**          **Missing Witness**

[Updated: 1/6/15]

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if a witness, because of [his/her] relationship to the government, would normally be expected to support the government's version of events, the failure to call that witness may justify an inference that [his/her] testimony would in this instance be unfavorable to the government. You are not required to draw that inference, but you may do so. No such inference is justified if the witness is equally available to both parties, if the witness would normally not be expected to support the government's version of events, or if the testimony would merely repeat other evidence.

### Comment

(1)      According to United States v. Ramos-González, 775 F.3d 483 (1st. Cir. 2015); United States v. Pagan-Santini, 451 F.3d 258, 267 (1st Cir. 2006); United States v. Perez, 299 F.3d 1, 3 (1st Cir. 2002); United States v. DeLuca, 137 F.3d 24, 38 (1st Cir. 1998); United States v. Lewis, 40 F.3d 1325, 1336 (1st Cir. 1994); and United States v. Welch, 15 F.3d 1202, 1214 (1st Cir. 1993), the decision to give this instruction is a matter of court discretion. See also United States v. Arias-Santana, 964 F.2d 1262, 1268 (1st Cir. 1992); United States v. St. Michael's Credit Union, 880 F.2d 579, 597 (1st Cir. 1989). Thus, the proponent of such an instruction must demonstrate that the witness would have been "either 'favorably disposed' to testify on behalf of the government by virtue of status or relationship or 'peculiarly available' to the government." Perez, 299 F.3d at 3 (citation omitted). The court must then "consider the explanation (if any) for the witness's absence and whether the witness, if called, would be likely to provide relevant, non-cumulative testimony." Id. See also United States v. Anderson, 452 F.3d 66, 81 (1st Cir. 2006).

(2)      Where it is a confidential informant who is undisclosed by the government, if he or she is a mere tipster—*i.e.*, if the person was not in a position to amplify, contradict or clear up inconsistencies in the government witnesses' testimony—his or her identity need not be disclosed. Indeed, in that circumstance the witness instruction would be improper, and presumably an abuse of discretion, because the informant is not essential to the right to a fair trial and the government has an interest in maintaining the confidentiality of identity. Lewis, 40 F.3d at 1336 (citing United States v. Martínez, 922 F.2d 914, 921, 925 (1st Cir. 1991)). Where a defendant has not previously sought disclosure of the confidential informant's identity, he or she is not entitled to the instruction. Anderson, 452 F.3d at 81-83; Perez, 299 F.3d at 4.

(3)      All the missing witness instruction cases in the First Circuit appear to have been missing *government* witnesses. The cases often speak in terms of a "party," however, and this instruction might be revised accordingly. But a judge should exercise extreme caution in granting the government's request for such an instruction against a defendant. The Federal Judicial Center recommends that the instruction "not be used against the defendant who offers no evidence in his defense." Comment to Federal Judicial Center Instruction 39. Even if the defendant does put on a case and the instruction is given against the defendant, the following supplemental instruction may be warranted:

41

> You must, however, bear in mind that the law never compels a defendant in a criminal case to call any witnesses or produce any evidence in his behalf.

Sand, et al., Instruction 6-6.