**3.03**         **Defendant's Constitutional Right Not to Testify**

[Updated: 2/10/16]

[Defendant] has a constitutional right not to testify and no inference of guilt, or of anything else, may be drawn from the fact that [defendant] did not testify. For any of you to draw such an inference would be wrong; indeed, it would be a violation of your oath as a juror.

## Comment

(1)     An instruction like this must be given if it is requested. Carter v. Kentucky, 450 U.S. 288, 299-303 (1981); Bruno v. United States, 308 U.S. 287, 293-94 (1939); see also United States v. Medina-Martinez, 396 F.3d 1, 9 (1st Cir. 2005); United States v. Ladd, 877 F.2d 1083, 1089 (1st Cir. 1989) ("We do not, however, read Carter as requiring any exact wording for such an instruction."). It must contain the statement that no adverse inference may be drawn from the fact that the defendant did not testify, or that it cannot be considered in arriving at a verdict. United States v. Brand, 80 F.3d 560, 567 (1st Cir. 1996). It is not reversible error to give the instruction even over the defendant's objection. Lakeside v. Oregon, 435 U.S. 333, 340-41 (1978). However, "[i]t may be wise for a trial judge not to give such a cautionary instruction over a defendant's objection." Id. at 340.

(2)     If there is evidence of the defendant's silence during non-custodial questioning, an additional clarifying instruction may be in order. In Salinas v. Texas, 570 U.S. ___, 2013 WL 2922119 (June 17, 2013), a divided Supreme Court held that the government's introduction at trial of evidence of a defendant's silence in response to earlier noncustodial police questioning does not violate the Fifth Amendment. Three Justices concluded that the defendant's Fifth Amendment claim failed because he did not expressly invoke the privilege in response to the officer's questioning, see id. at *3 (opinion of Alito, J.), while two other Justices concluded that a Fifth Amendment claim would fail in any event because the prosecutor's comment regarding the defendant's silence did not "compel" him to give self-incriminating testimony, see id. at *9 (Thomas, J., concurring). See also United States v. Zarauskas, 814 F.3d 509, 516 n.7 (1st Cir. 2016) (Court held that prosecutor's comments on the defendant's pre-custodial silence did not violate the defendant's Fifth Amendment rights after the trial judge reiterated the general instruction that the defendant has a constitutional right not to testify. The court noted, however, that "[i]t would have been preferable for the curative instruction to direct the jury to disregard the references to [the defendant's] silence, and to remind jurors that [the defendant] was under no obligation to say (or not say) anything at the . . . [i]nterview, but ultimately [the defendant] never requested these instructions, nor objected to their omission.").