UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE


<u>United States of America</u>

     v.                                Criminal No. 19-cr-251-01-LM

<u>Johnathon Irish</u>

## **JURY INSTRUCTIONS**


### **INTRODUCTION**

You have now heard all of the evidence in this case, and arguments by the lawyers.  It is my duty at this point in the trial to instruct you on the law that you must apply in reaching your verdict.  It is your duty to follow and apply the law as I give it to you.  But, you alone are the judges of the facts.  Please do not consider any statement that I have made in the course of trial, or make in these instructions as any indication that I have any opinion about the facts of this case, or what the verdict should be.  You should not single out any one instruction but instead apply these instructions as a whole to the evidence in this case.


### **JURY SOLE JUDGES OF FACT**

You are the sole and exclusive judges of the facts.  You must weigh the evidence that has been presented impartially,

1

without bias, without prejudice, and without sympathy.  You must make a determination as to what the facts are and what the truth is, based upon the evidence presented in this case.  You must decide the case by applying the law as it is given to you in these instructions to the facts as you find them to be from the evidence.

## APPLYING THE LAW

You must apply the law regardless of any opinion you may have as to what the law ought to be.  It would be a violation of your sworn duty if you were to base your verdict upon any view of the law other than that reflected in these instructions, just as it would be a violation of your sworn duty, as judges of the facts, to base a verdict upon anything but the evidence presented in this case.

## WEIGHT OF THE EVIDENCE

The fact that the prosecution is brought in the name of the United States of America entitles the government to no greater consideration than that accorded to any other party to a litigation.  By the same token, it is entitled to no less consideration.  All parties, whether government or individuals, stand as equals at the bar of justice.

The weight of the evidence is not necessarily determined by the number of witnesses testifying on either side. You should consider all the facts and circumstances in evidence to determine which of the witnesses are worthy of belief. In reviewing the evidence, you should consider the quality of the evidence and not the quantity. It is not the number of witnesses or the quantity of testimony that is important but the quality of the evidence that has been produced that is important. You must consider all of the evidence no matter which side produced or elicited it.

## WHAT EVIDENCE CONSISTS OF

The evidence in this case consists of the sworn testimony of the witnesses, and all the exhibits received in evidence and any facts which have been admitted or stipulated.

During your deliberations, you must entirely disregard any evidence to which an objection was sustained by the court, and any evidence ordered stricken by the court.

## STIPULATIONS

During the trial, you were told that the government and the defendant agreed to certain facts. We call this a "stipulation." A stipulation means that the government and the defendant accept the truth of a particular proposition or fact.

Because there is no disagreement between the parties regarding stipulated facts, there was no need for either side to introduce evidence relating to those facts.  The parties needed only to admit the stipulations into evidence.  You must accept the stipulations as facts to be given whatever weight you choose.

## RECORDINGS AND TRANSCRIPTS

During the trial, you heard a conversation that was recorded.  That is proper evidence for you to consider.  You were also given a transcript to read along as the recording was played.  As the court instructed you at the time, that transcript was provided solely to help you follow the recorded conversation.  If you believe at any point that the transcript said something different from what you heard on the tape, remember it is the tape that is the evidence, not the transcript.  Any time there is a variation between the tape and the transcript, you must be guided solely by what you heard on the tape and not by what you saw in the transcript.

## WHAT IS NOT EVIDENCE

Certain things are not evidence and cannot be considered by you as evidence.

1.  Arguments and statements by the lawyers are not
evidence.  What they have said in their opening statements,
closing arguments, questions to the witnesses, and at other
times is intended to help you interpret the evidence, but it is
not evidence.  If the facts as you remember them differ from
what the lawyers have said about those facts, your memory
controls.  If the law as stated by the lawyers differs from the
law as stated by me, you must take the law from me.  You are not
to be concerned with the wisdom of any rule of law.

2. Objections raised by the lawyers are not evidence.
Lawyers have a duty to object when they believe a question is
improper under the rules of evidence.  I must rule on
objections, and I have not intended to indicate in any way by my
rulings what the verdict should be in this case.  You should not
be influenced by the lawyers' objections or by my rulings on
those objections.

3.  Anything you may have seen or heard when the court was
not in session is not evidence.  You are to decide the case
solely on the evidence received at trial.


## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two types of evidence which you may properly use
in deciding this case: direct and circumstantial.

Direct evidence is the testimony given by a witness about what that witness has seen, has heard or has observed, or what that witness knows based on personal knowledge.  Direct evidence also includes any exhibits that have been marked.

Evidence may also be used to prove a fact by inference and this is referred to as circumstantial evidence.  In other words, from examining direct evidence you may be able to draw certain inferences which are reasonable and justified in light of your daily experience.  Such inferences constitute circumstantial evidence.  Circumstantial evidence may be given the same weight by you as direct evidence.

## EVIDENCE ADMITTED FOR A LIMITED PURPOSE

During the course of the trial, I instructed you that certain evidence was being admitted for a limited purpose. It is your duty to follow these instructions during your deliberations.

## PRESUMPTION OF INNOCENCE

The fact that an indictment is returned against an individual is not evidence of that person's guilt.  An indictment is merely a formal method of accusing an individual of a crime in order to bring that person to trial.  It is you the jury who will determine whether an individual is guilty or

not guilty of the offense charged based on a consideration of all the evidence presented and the law applicable to the case. Therefore, you must not consider the indictment in this case as any evidence of the guilt of the defendant, nor should you draw any inference from the fact that an indictment has been returned against him.

The defendant, although accused, begins a trial with a clean slate -- with no evidence against him.  The law permits nothing but legal evidence presented before the jury to be considered in support of any charge against a defendant. The law presumes every defendant to be innocent until proven guilty beyond a reasonable doubt.  The burden of proving a defendant guilty rests entirely on the government.  The defendant does not have to prove his innocence.  The defendant enters the courtroom and is presumed to be innocent until the government convinces you beyond a reasonable doubt that he is guilty of every essential element of the offense charged.

The presumption of innocence alone is sufficient to acquit a defendant unless the jury is satisfied beyond a reasonable doubt that the defendant is guilty after a careful and impartial consideration of all of the evidence in the case.

## GOVERNMENT'S BURDEN OF PROOF - BEYOND A REASONABLE DOUBT

The burden is always on the government to prove guilt beyond a reasonable doubt.  This burden never shifts to a defendant.  The law does not impose upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

If, after careful and impartial consideration of all of the evidence in this case, you have a reasonable doubt that the defendant is guilty of the charge set forth in the indictment, you must find the defendant not guilty.

A jury must never find a defendant guilty based on mere suspicion, conjecture or guess.  Rather, you must decide the case on the evidence that is before you and on the reasonable inferences that can be drawn from that evidence.

## CREDIBILITY OF WITNESSES

In determining what the facts are and what the truth is, you must necessarily assess the credibility of each witness and determine what weight you will give to each witness's testimony. By credibility I mean the believability or the truthfulness of a witness.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and

every matter in evidence which tends to show whether a witness
is worthy of belief or not worthy of belief.  For example:

- Consider each witness's intelligence, motive, state of
  mind, demeanor and manner while testifying.

- Consider the witness's ability to observe or to know the
  matters about which that witness has testified and whether
  the witness impresses you as having an accurate
  recollection of those matters.

- Consider whether the witness had any reason for telling the
  truth or not telling the truth, whether the witness had an
  interest in the outcome of the case, whether the witness
  had anything to gain or lose as a result of his or her
  testimony, whether the witness had any friendship,
  relationship, or animosity towards other individuals
  involved in the case, whether the witness's testimony was
  consistent or inconsistent with itself or with the
  testimony of other witnesses.

- Consider the extent, if any, to which the testimony of each
  witness is either supported or contradicted by other
  evidence in the case.

The testimony of a witness may be discredited or, as we
sometimes say, "impeached," by showing that the witness
previously made statements that are different than, or
inconsistent with, his or her testimony here in court.

Inconsistent or contradictory statements which are made by a witness outside of court may be considered only to discredit or impeach the credibility of the witness and not to establish the truth of these earlier out of court statements.

You must decide what weight, if any, should be given the testimony of a witness who has made prior inconsistent or contradictory statements.  In making this determination you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with only a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

You should give the testimony of each witness, both on direct and cross-examination, the weight you think it deserves. You are not required to believe the testimony of any witness simply because that witness was under oath.  You may believe or disbelieve all or part of the testimony of any witness.  It is within your province to determine what testimony is worthy of belief and what testimony may not be worthy of belief.

## CREDIBILITY OF INFORMANT WITNESSES
## OR WITNESSES GRANTED IMMUNITY

You have heard the testimony of witnesses who have: provided evidence under agreements with the government; received money from the government in exchange for providing information; or testified under a grant of immunity.  Specifically, as to the witness who testified under a grant of immunity, Roscoe Whitney, "immunity" means that his prior statements to the FBI and the testimony he gave in this trial may not be used against him in any subsequent criminal proceeding. However, if he testified untruthfully, he could be prosecuted for perjury or making a false statement, even though he was testifying under a grant of immunity.

Some people in these positions – that is, some people who have provided evidence under an agreement with the government, received money for providing information to the government, or who received a grant of immunity - are entirely truthful when testifying.  Still, you should consider the testimony of such witnesses with particular caution. The witnesses may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.  You must determine whether the testimony of such witnesses has been affected by any interest in the outcome of this case, any prejudice for or against the

defendant, or by any of the benefits these witnesses have received from the government.

## CREDIBILITY OF LAW ENFORCEMENT AGENTS

During the course of the trial you have heard several law enforcement agents testify.  You should consider the testimony of a law enforcement agent the same as the testimony of any other witness in the case.  In evaluating the credibility of a law enforcement agent, you should use the same tests which you applied to the testimony of any other witness.  In no event should you give the testimony of a law enforcement agent any more credibility or any less credibility simply because of that witness's position.

## CREDIBILITY OF EXPERT WITNESS

You have heard testimony from a person described as an expert.  An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony.  In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

## WEIGHT TO BE GIVEN TESTIMONY

After assessing the credibility of each witness you will assign as much weight to his or her testimony as you deem proper.  You may believe or disbelieve all or part of the testimony of any witness.  You determine what testimony is worthy of belief and what testimony may not be worthy of belief. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence, you believe that single witness.

## DEFENDANT'S RIGHT NOT TO TESTIFY

The fact that the defendant did not testify must not be considered by you in any way or even discussed in your deliberations.  He has an absolute right not to take the witness stand, and you must not draw any inferences from the fact that he exercised that right.

## NO CONSIDERATION OF SENTENCING OR PUNISHMENT

You are not to give any consideration to potential punishments or sentences in deciding this case.  The punishment

13

provided by law for the offense charged in the indictment is a matter exclusively within the province of the court and should never be considered by the jury in any way in arriving at an impartial verdict.  You must decide this case based on the evidence you have seen and heard and on the law as I give it to you, and not on any punishment you believe the defendant might receive or could receive.

## THE INDICTMENT

The indictment consists of one count charging the defendant with possessing firearms in or affecting interstate commerce after having been convicted of a crime punishable by imprisonment for more than one year, in violation of 18 U.S.C § 922(g)(1).

I will describe the charge against the defendant in more detail in a moment.

## DATE OF OFFENSE - ON OR ABOUT

The indictment alleges that the crime the defendant is charged with occurred "on or about" certain dates.  The government does not have to prove with certainty the exact date or dates of the alleged offense.  It is sufficient if the

government proves beyond a reasonable doubt that the offense occurred on a date reasonably near the dates alleged.

## THE NATURE OF THE OFFENSE

In the indictment, the government alleges that from December 26, 2018 to on or about November 17, 2019, the defendant knowingly possessed certain firearms while also knowing that he had previously been convicted of a felony, that is, a crime punishable by imprisonment for a term exceeding one year.  Specifically, the government alleges that the defendant possessed the following firearms that were in or affecting interstate commerce: a Sig Sauer, Model 1911, .45 caliber Pistol, S/N GS 34120; and a Zijiang Machinery Co., Model Catamount Fury, 12 Gauge Shotgun, S/N CAT-002586.

## ESSENTIAL ELEMENTS

In order for you to find the defendant guilty of the crime charged, the government must prove each of the following elements beyond a reasonable doubt:

First, that the defendant has been convicted in any court of at least one felony, that is, a crime punishable by imprisonment for a term exceeding one year;

Second, that the defendant knew he had been convicted of a felony;

Third, that after being convicted of a felony, the defendant knowingly possessed the firearms charged in the indictment; and

Fourth, that the firearms charged in the indictment were in or affecting interstate commerce.

I will now give you a bit more detail about each of these elements.

## FIRST ELEMENT - PRIOR FELONY CONVICTION

To find the defendant guilty of the offense charged, the first element that the government must prove to you beyond a reasonable doubt is that the defendant has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, and that the conviction occurred prior to the date on which the defendant is alleged to have possessed the firearms described in the indictment.

The parties have stipulated or agreed that on December 11, 2014, the defendant was convicted of a crime that is punishable by imprisonment for a term exceeding one year.  Because the parties agree on this fact, there was no need for the government to introduce any evidence relating to it.  As I explained earlier, you must accept this stipulation as a fact to be given whatever weight you choose.

16

## SECOND ELEMENT – KNOWLEDGE OF CONVICTED FELON STATUS

The second element the government must prove beyond a reasonable doubt is that the defendant knew he had been convicted of a felony offense, that is he knew he had been convicted in any court of a crime punishable by imprisonment for a term exceeding one year.

Knowledge in this context means that the defendant was aware that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

The parties have stipulated or agreed that, at the time the defendant is alleged to have committed the charged offense, he knew that he had previously been convicted of a crime punishable by imprisonment for a term exceeding one year.  Because the parties agree on this fact, there was no need for the government to introduce any evidence relating to it.  As I stated before, you must accept this stipulation as a fact to be given whatever weight you choose.

## THIRD ELEMENT – KNOWING POSSESSION OF FIREARM

The third element that the government must prove beyond a reasonable doubt is that after his felony conviction, between December 26, 2018 and November 17, 2019, the defendant knowingly possessed the firearms charged in the indictment.

17

### A.    Knowingly

The word "knowingly" means that the act was done voluntarily and intentionally, not because of mistake or accident.  You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.  The government does not have to prove, however, that the defendant knew his conduct was illegal; it must prove only that he knowingly possessed the firearms and knew he had been convicted of a felony prior to that possession.

### B.    Firearm

The term "firearm" means any weapon which will, is designed to, or may readily be converted to expel a projectile by the action of an explosive. The term "firearm" also includes the frame or receiver of any such weapon.

### C.    Possession

The term "possess" means to exercise authority, dominion or control over something. It is not necessarily the same as legal ownership.  The law recognizes different kinds of possession.

Possession includes both actual and constructive possession of a gun.

18

A person who has direct, physical control of a gun on or around his person is then in actual possession of it.  Actual possession is the state of immediate, hands-on physical possession of a gun.

A person who is not in actual possession of a gun but who has both the power and the intention to exercise control over a gun is in constructive possession of it.  Constructive possession exists where a person has the power and intention of exercising authority, dominion or control over a gun.  With respect to constructive possession, a person must have actual knowledge of the presence of a firearm in order to have constructive possession of it.

Whenever I use the term "possession" in these instructions, I mean actual as well as constructive possession.

Mere proximity to a gun is not sufficient to prove either actual or constructive possession, but proximity to a gun is a factor to be weighed and considered along with all of the other circumstances you find to have existed in determining the issue of possession.  While brief contact with a gun does not preclude a finding of possession, the length of contact is a factor to be weighed and considered along with all the other circumstances you find to have existed in determining the issue of possession.

Possession also includes both sole and joint possession. If one person alone has actual or constructive possession,

possession is sole. If two or more persons share actual or constructive possession, possession is joint. Whenever I have used the word "possession" in these instructions, I mean joint as well as sole possession.

### D. Unanimity

The indictment alleges that the defendant possessed two firearms.  However, the government is not required to prove that the defendant possessed both of the firearms.  You may find that the government has met its burden on possession if you find that the defendant knowingly possessed one of the two firearms charged in the indictment.  To find that the government has proven this, you must agree unanimously on which firearm the defendant knowingly possessed.

### FOURTH ELEMENT - IN OR AFFECTING COMMERCE

Finally, the government must prove that the firearms charged in the indictment were "in or affecting" interstate commerce.  A firearm is "in or affecting" interstate commerce if the firearm has traveled at some time from one state to another. The travel need not have been connected to the charge in the indictment, need not have been in furtherance of any unlawful

activity, and need not have occurred while the defendant
possessed the firearms.

## CONCLUSION

When you retire to the jury room to deliberate, you may
take with you this charge and the exhibits admitted into
evidence.  You will also take with you a form on which to record
your verdict.

You will be able to view the documentary exhibits in this
case through an electronic system called "JERS."  "J-E-R-S"
stands for "Jury Evidence Recording System."  In your
deliberation room is a plasma television.  You will be able to
view the exhibits from that plasma television screen.  It is
operated by touch.  The courtroom deputy will show you a brief
tutorial.

You should understand that you will also have all
documentary exhibits in paper copy to examine as well.  The JERS
system is simply another way for you to view the exhibits.  The
advantage is that you can all see the exhibit on the screen and
discuss that exhibit while seeing it displayed on the screen.
You may consider any and all exhibits in the JERS system.  You
can also use the JERS system to zoom into an exhibit so that all
jurors can see an exhibit up close.

It is easy to use, especially after you see the tutorial. But, if you have a question about JERS, as with any other question you might have, YOU MUST PUT IT IN WRITING. Even if you need some sort of technical assistance with JERS, you will need to put your request in writing so that the court security officer can present it to me. Before resolving any of your questions, I show your written question to the lawyers.

The principles of law set forth in these instructions are intended to guide you in reaching a fair and just result in this case, which is important to all the parties. You are to exercise your judgment and common sense without prejudice and without sympathy, but with honesty and understanding. You should be conscientious in your deliberations and seek to reach a just result in this case because that is your highest duty as judges of the facts and as officers of this court. Remember also that the question before you can never be: will the government win or lose the case? The government always wins when justice is done, regardless of whether the verdict be guilty or not guilty.

When you have considered and weighed all of the evidence, you must make one of the following findings with respect to the offense charged:

1.  If you have a reasonable doubt as to whether the government has proved any one or more of the elements of the crime charged, it is your duty to find the defendant not guilty.

2.  If you find that the government has proved all of the elements of the crime charged beyond a reasonable doubt, then you may find the defendant guilty.

As I explained before, the punishment provided by law for the offense charged in the indictment is a matter exclusively within the province of the court, and should never be considered by you in any way in arriving at an impartial verdict.

### A.  Selection of a Foreperson

When you retire, you should elect one member of the jury as your foreperson.  That individual will act very much like the chairperson of a committee, seeing to it that the deliberations are conducted in an orderly fashion and that each juror has a full and fair opportunity to express his or her views, positions and arguments.

### B.  Unanimous Verdict

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree thereto.  Your verdict must be unanimous.

### C.  Deliberations

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  Each of you must decide the case for yourself, but do so only after an impartial consideration of the evidence in the case with the other jurors. In the course of your deliberations, do not hesitate to reexamine your own views and to change your opinion if convinced it is erroneous.  But, do not surrender your honest conviction as to the weight or effect of the evidence solely based on the opinion of the other jurors or merely for the purpose of returning a verdict.  Remember at all times that you are not partisans, you are judges - judges of the facts.  Your only interest is to seek the truth from the evidence in the case.

If during your deliberations it becomes necessary to communicate with me, please give a written message to the Court Security Officer, who will bring it to me.  I will then respond as promptly as possible, either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question. This procedure for asking questions in written form also applies to any questions you might have concerning the JERS system, even if your question pertains to obtaining technical assistance with the system.

Now, this is very important, you must never disclose to anyone, including the court, how the jury stands, numerically or otherwise, on the matters you are deciding, until after you have reached a unanimous verdict or have been discharged.  In other words, if the jury is split, say 6 to 6, on some issue, the existence of that split or the number on one side or the other must not be disclosed to anyone, including me.

If we recess during your deliberations, you must follow all of the instructions I have given you concerning your conduct during the trial.  In particular, do not discuss the case with anyone other than your fellow jurors in the jury room, when everyone is present.

You were permitted to take notes during this trial, and I want to remind you of the instructions I gave you about your notes.  Do not use your notes as authority to persuade other jurors.  Your notes should be used only as aids to your own memory and must not be used as authority to persuade the other jurors of what the evidence was during the trial.  In the end, each juror must rely on his or her own recollection or impression as to what the evidence was.

You each have a paper copy of my jury instructions to take with you into the jury room.  Attached to your individual copy of the jury instructions is a copy of the Verdict Form.  The Verdict Form is self-explanatory and contains all the questions

you need to answer as well as step-by-step instructions.  Read
that Verdict Form carefully and follow the instructions on it.
The Verdict Form is consistent with the instructions I have
given to you.  Feel free to consult the paper copy of the jury
instructions as you deliberate.  After you have reached your
unanimous verdict, your foreperson must complete, sign, and date
the official Verdict Form.  The official Verdict Form will be
given to you with an envelope and will be marked with the word
ORIGINAL at the top of the form. After you have reached a
verdict, you are not required to talk to anyone about the case
unless I direct you to do so.

Let me once again tell you that nothing said in these
instructions is intended to suggest in any way what your verdict
should be.  The verdict is the exclusive responsibility of the
jury, not the judge.

When you have arrived at a verdict, notify the court
security officer and you will be brought back into the courtroom
where the foreperson will render the verdict orally.


The courtroom deputy will now swear-in the Court Security
Officer.