UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>v.<br><br>JOHNATHON IRISH | No. 19-cr-00251-LM |

DEFENSE MEMORANUM OF LAW REGARDING THE *ORTIZ-VEGA* HOLDING

The defendant, Johnathan Irish, through counsel, submits the following memorandum regarding the applicability in this case of the holding in *United States v. Ortiz-Vega*, 860 F.3d 20 (1st Cir. 2017). As explained below, the analysis and holding in *Ortiz-Vega* support the defense request that the court address the merits of Mr. Irish's claims of ineffective assistance of counsel prior to sentencing.

Mr. Irish was convicted after a jury trial in which he was represented by court-appointed counsel. Mr. Irish timely filed a *pro se* motion for a new trial asserting ineffective assistance of his trial counsel. Undersigned counsel was appointed to replace trial counsel. Having now supplemented and explained the grounds on which Mr. Irish seeks a new trial, the issue is whether those claims should be heard now prior to sentencing.

In *Ortiz-Vega*, the defendant claimed that his first attorney was ineffective during plea negotiations. *Id*. at 22. After obtaining a new attorney, the defendant pleaded guilty but argued prior to and during sentencing that the ineffectiveness of his first attorney resulted in a worse plea bargain and a longer sentence. *Id*. at 25-27. The district court declined to address the merits of the ineffectiveness claim prior to sentencing, *id*. at 27, but the First Circuit reversed. *Id*. at 32.

1

In explaining its decision, the First Circuit distinguished its approach to ineffective assistance of counsel claims in a direct appeal from how a trial court should view such claims prior to sentencing. A court of appeals facing ineffectiveness claims has three choices: leave the claim to be addressed later, pursuant to 28 U.S.C. §2255; address the claim as part of the appeal; or, remand the claim for the trial court to address it. *Id*. at 28-29. Most commonly, the court of appeal leaves the claims to be addressed in a §2255 motion. *Id*. In contrast, at the trial level, when "the accused voices objections to appointed counsel, the trial court should inquire into the reasons for the dissatisfaction." Moreover, "failure to conduct such an inquiry constitutes an abuse of discretion." *Id*. at 29 (citations and quotations omitted).

Thus, the First Circuit adopted the rule from the Second and Ninth Circuits that, "when a claim of ineffective assistance of counsel is first raised in the district court prior to the judgment of conviction, the district court may, and at times should, consider the claim at that point in the proceeding." *Id*. at 30. *See United States v. Steele*, 733 F.3d 894, 897 (9th Cir. 2013); *United States v. Brown*, 623 F.3d 104, 112-14 (2nd Cir. 2010). A "district court need not 'invoke an appellate court's rubric and require a defendant to use his one § 2255 motion to raise an ineffective assistance claim post judgment, particularly when the district court is in a position to take evidence, if required, and to decide the issue prejudgment." *Id.*

Recognizing that district courts "face competing considerations in deciding whether it is appropriate to inquire into the merits of such claims prior to judgment," the First Circuit identified a number of factors the trial court should consider in deciding

whether to hear the merits of a claim prior to sentencing. A review of those factors in this case shows that it is appropriate for this court to hear Mr. Irish's claims.

A preliminary consideration identified by the First Circuit is "the potential disruption of the proceedings … if the attorney against whom the complaint is directed continues at the time to represent the defendant [such that] … the court would need to relieve the defendant's attorney, or … appoint new counsel." *Id*. at 30. That concern is simply not present in this case since the court has already granted Mr. Irish's request for new counsel and allowed prior counsel to withdraw. There will not be any disruption or delay, beyond what the court has already authorized, for the appointment of new counsel.

The First Circuit further stated that the trial court should consider whether the defendant's ineffective assistance of counsel claims are so "broad-based" that the record necessary to decide the claims is "sorely lacking." *Id*. at 30-31. This consideration also weighs in Mr. Irish's favor. Mr. Irish has identified specific claims which may be largely addressed on the existing record.

The claim that trial counsel should have made a Rule 404(b) objection, or Rule 403 objection, to the many rounds of ammunition and other related evidence can be resolved entirely on the existing record. The record already demonstrates that this was not a strategic decision. Trial counsel said he could not think of a basis on which to object. Doc. 55, at 9-10. Thus, the only issues are whether he was wrong about that and whether Mr. Irish was prejudiced.

Likewise, the court can, for the most part, decide on the record the claims that trial counsel should have called Stephanie Irish as a witness and should have cross-examined other witnesses regarding her plan to frame Mr. Irish. As explained in the

3

defense supplement and reply, Stephanie Irish's involvement in the government case and her motive to "set up" Mr. Irish is apparent from the answers given by other witnesses at trial and from interviews in discovery. The defense will seek to supplement the record with certain law enforcement reports regarding the role Stephanie played, but there is no dispute about the authenticity of those records nor are they lengthy or complicated. The need to add these items to the record hardly demonstrates that the record is "sorely lacking."

Most obviously, with respect to trial counsel's repeated failures to object to leading questions by the prosecution on redirect of its witnesses, nothing more than the record is needed to see these errors and the harm caused. Simply reading the transcripts demonstrates that whatever was achieved by the defense cross-examination of prosecution witnesses was lost when the government's counsel was permitted to lead its witnesses and repair the damage.

To be sure, the claim that trial counsel was ineffective for failure to conduct an adequate investigation cannot be resolved entirely on the record. The defense will call its investigator as a witness and, or, offer the investigator's reports and the evidence gathered by the investigator. However, this evidence is not lengthy or complicated. The fact is that trial counsel did not use an investigator to pursue any evidence that Stephanie Irish was attempting to set up Mr. Irish or discover the extent of her animus towards him. The question will not be whether there was an adequate investigation, but rather trial counsel was justified in not conducting that investigation at all. The testimony necessary to resolve this issue would not be lengthy and could even be addressed in a deposition of trial counsel if all parties were agreeable to that (the defense is).

The final factor identified by the First Circuit is whether the interests of justice and judicial economy would be served by delaying the proceedings to hear the defendant's claims. In this case, the interests of justice would surely be served. As noted at the recent chambers conference, Mr. Irish has minor children and is at risk, as a result of this conviction, of losing rights regarding his children in a New Hampshire Family Court case. That case is moving forward, and, on information and belief, Mr. Irish will lose rights after the end of November which he cannot regain. The value of a chance to have his conviction set aside is much greater now that it will be after he has lost those rights. If he must wait to bring his §2255 claim, he will not be able to change the results of the Family Court case. Against this weighty interest, there is little at risk for the government or the court. Mr. Irish is in custody and will remain in custody while these issues are addressed. For the government's purposes, it should not matter much, if at all, where Mr. Irish is in custody. As far as judicial efficiency, this case is barely nine months old. It went to trial very quickly. As the court is aware, many cases are in the trial court for 1-2 years without a concern with regard to judicial efficiency. It would be a stretch to say that taking an extra few months in this case would somehow qualify as an inefficiency relative to other cases.

Considering all of the foregoing, the court should find that the Ortiz-Vega holding supports Mr. Irish's request that the court consider his ineffective assistance of counsel claims prior to sentencing.

Date: August 10, 2020                                             Respectfully submitted,

*/s/ Richard Guerriero*
Richard Guerriero, Esq.
N.H. Bar ID. 10530
Lothstein Guerriero, PLLC
Chamberlain Block Building
39 Central Square, Suite 202
Keene, NH 03431
Telephone: (603) 352-5000

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on the date the document was signed by me.

*/s/ Richard Guerriero*