UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No: 19-cr-251-LM |
| ) | |
| JOHNATHON IRISH, ) | |
|     Defendant ) | |

**OBJECTION TO DEFENDANT'S MOTION FOR A NEW TRIAL**

**I.     Introduction.**

Defendant Johnathon Irish concedes that his ineffective assistance of counsel claims "cannot be resolved entirely on the record." *Defense Memorandum of Law Regarding the Ortiz-Vega Holding*, ECF NO. 70, at 4. Indeed, to determine whether counsel's performance was deficient in some way, the Court would need to conduct an evidentiary hearing. Because of the broad nature of Irish's claims and the time and testimony that would be required to determine whether counsel's performance was sufficient, delaying sentencing to hold evidentiary hearings would not serve the interests of judicial economy or efficiency. The Court should decline to delve into whether trial counsel's performance was deficient[1] and should dismiss the motion without prejudice so that Irish can raise these claims in a § 2255 petition.

---

1 The Government maintains that the Court can deny Irish's motion without an evidentiary hearing because the record is sufficiently developed to show that Irish cannot establish prejudice. *Sleeper v. Spencer*, 510 F.3d 32, 39 (1st Cir. 2007) (noting that failure to establish either "deficient performance" or "prejudice" dooms an ineffective assistance of counsel claim); *see also Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir. 2010). Should the Court disagree, the Court should decline to hold evidentiary hearings and Irish should raise these claims in a § 2255 petition.

### II. The Record is Not Sufficiently Developed for the Court to Determine Whether Trial Counsel's Performance was Deficient.

A. Standard of Review.

Although defendants typically raise claims for ineffective assistance of counsel through collateral challenges under 28 U.S.C. § 2255, a district court may, under limited circumstances, adjudicate an ineffective assistance of counsel claim in the context of a motion under Rule 33, which authorizes the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33. *See United States v. Ortiz-Vega*, 860 F.3d 20, 30 (1st Cir. 2017)(noting that when a defendant raises a pre-judgment ineffective assistance of counsel claim, "the district court may, and at times should, consider the claim."). In determining whether to exercise its discretion to adjudicate an ineffective assistance of counsel claim raised in a Rule 33 motion, district courts consider: (1) the potential disruption of the proceedings; (2) status of counsel, including whether new counsel must be appointed; (3) whether "the defendant's claim is broad-based and the evidentiary record to consider it is sorely lacking;" and (4) "whether the interests of justice and judicial economy would be served by delaying" proceedings to "conduct an immediate hearing on an under-developed motion." *Id.* at 30-31 (internal quotation marks and alterations omitted).

Where the record is developed such that contains all of the facts required for the district court to address the merits of a claim for ineffective assistance of counsel, the court should do so. In *Ortiz-Vega*, for example, the defendant claimed that counsel was ineffective for failing to appropriately communicate with him regarding plea negotiations. 860 F.3d at 31. Before declining to address the ineffective assistance of counsel claim, the district court had "heard detailed argument on the issue," and had required both the government and the attorney "to turn over their case files detailing the facts surrounding plea negotiations." *Id.* Because the district

court had already conducted a hearing on the issue and reviewed the case files, the record on this issue was "significantly developed" and the district court was "well-positioned" to decide the merits of the defendant's claim. *Id.* The district court, therefore, erred in failing to address the merits of defendant's ineffective assistance of counsel claim. *Id.* at 32.

By contrast, it is generally inappropriate to address the merits of an ineffective assistance of counsel claim in the context of a Rule 33 motion that involves determining "*why* counsel acted as he did" as the information required addressing such a claim "is rarely developed in the existing record." *See United States v. Vazquez-Larrauri*, 778 F.3d 276, 294 (1st Cir. 2015) (quoting *United States v. Torres-Rosario*, 447 F.3d 61, 64 (1t Cir. 2006)). Indeed, determining why counsel acted a particular way often requires an evidentiary hearing where counsel explains, "his version of the events or why he made the choices he did." *Torres-Rosario*, 447 F.3d at 65; *Perkins v. United States*, No. 16-cv-288, 2017 WL 627393, at * (D. NH. Feb. 14, 2017) (McCafferty, J.) ("Once a prisoner requests relief under § 2255, the district court must grant an evidentiary hearing unless 'the motion and the files and records of the case conclusively shows that the prisoner is entitled to no relief.'").

> **B. Addressing whether trial counsel's performance was deficient would require supplementing the record with reports and testimony from at least two witnesses.**

Irish acknowledges that the record is not sufficiently developed to resolve the merits of his claim. Indeed, he notes that he would need to "supplement the record" with reports and testimony from its investigator. *Defense Memorandum of Law Regarding the Ortiz-Vega Holding*, ECF NO. 70, at 4. In addition, because his claims revolve around *why* trial counsel did not do certain things, including further investigate the theory that Irish's wife set him up, determining whether these perceived failures were, in fact, strategic choices, would require a trial

counsel's testimony at an evidentiary hearing.   It also may require the Court to review trial counsel's files. Because the record is "sorely lacking" on why trial counsel did what he did, the Court should decline to address the merits of Irish's ineffective of counsel claims now. *Vazquez-Larrauri*, 778 F.3d at 294.

To be sure, the attorney against whom these claims are directed has already been relieved of his duties, and new counsel has been appointed. But that factor does not outweigh the continued disruption of the proceedings that would be required should the Court delve into whether trial counsel's performance was deficient.

*Ortiz-Vega* does not address a defendant's unique personal circumstances, and the defendant has failed to identify any case law that suggests that courts should consider these types of personal factors when determining whether to address an ineffective assistance of counsel claim at this juncture. Rather, *Ortiz-Vega* addresses balancing the orderly process of justice with the trial court's ability to resolve claims that may already be sufficiently developed. Irish has brought claims that are not sufficiently developed and would take significant time to address. All defendants face collateral consequences upon conviction, and though sad, the Court should not consider Irish's unique personal circumstances in determining whether now is the appropriate time to hold evidentiary hearings to be able to reach the merits of Irish's ineffective assistance of counsel claims.

**III.   Conclusion.**

Addressing the merits of whether trial counsel's performance was deficient would lead to further significant delay, would require an evidentiary hearing, and does not serve the interests of judicial economy. Despite the collateral consequences of Irish's conviction, the Court should decline to address the merits of the "deficient performance" prong of Irish's ineffective

assistance of counsel claims. If the Court cannot resolve Irish's claims on the "prejudice" prong based on the existing record, the Court should deny the motion without prejudice so that Irish can raise these claims in a § 2255 petition.

Respectfully submitted,

Scott W. Murray
United States Attorney

Date: August 12, 2020					/s/ Anna Krasinski
								Anna Krasinski
								Assistant U.S. Attorney
								West Virginia Bar # 12762
								53 Pleasant Street, 4th Floor
								Concord, NH 03301
								603-225-1552
								anna.krasinski@usdoj.gov