## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Criminal No: 19-cr-251-LM** |
| | ) | |
| **JOHNATHON IRISH,** | ) | |
| **Defendant** | ) | |

### OBJECTION TO DEFENDANT'S MOTION TO CONTINUE SENTENCING

This Court has instituted significant measures, including social distancing and routine cleaning, such that an in-person sentencing can proceed safely on the scheduled date of February 18, 2021.   While the United States appreciates defendant Johnathon Irish's concerns regarding the COVID-19 pandemic, the Court has expressed a willingness to take every reasonable precaution to maintain the health of the defendant, lawyers, and court staff.   Moreover, the process of vaccinating Court Security Officers and members of the United States Marshals Service has begun.   The defendant wants an in-person sentencing hearing and the Court can safely hold one.   The motion to continue the sentencing should be denied.

### BACKGROUND

On December 19, 2019, the defendant was charged in a one-count indictment for the unlawful possession of firearms.   ECF No. 1.   Trial commenced on February 10, 2020, and, on February 12, 2020, the defendant was convicted of the unlawful possession of firearms.   *See*, Verdict Form, ECF No. 38.   The sentencing hearing was initially scheduled for May 28, 2020 but was continued in light of the defendant's motion for a new trial. *See* Order, ECF No. 44. After substantial briefing, the Court denied the motion and scheduled the sentencing for October 14, 2020.   The defendant moved to continue the sentencing and the Court rescheduled the

hearing for November 24, 2020.   Assented-to Motion to Continue Sentencing Hearing, ECF No. 83; October 13, 2020 Endorsed Order.   On November 19, 2020, the defendant again moved to continue the sentencing, and the Court granted the motion.   Assented-to Motion to Continue Sentencing Hearing, ECF No. 86; October 19, 2020 Endorsed Order.

On November 24, 2020, the defendant filed a motion expressing his desire for an in-person sentencing hearing.   Assented-to Request for In-person Sentencing Hearing, ECF No. 87. The Court granted the motion, ordering that "[t]he sentencing hearing shall be in-person on February 18, 2021." December 3, 2020, Endorsed Order.

The defendant now seeks to continue his in-person sentencing hearing.   While he remains steadfast in his desire for an in-person hearing, he simply does not want one now. Rather, he would prefer to wait until sometime after April 1, 2021.

### DEFENDANT'S MOTION TO CONTINUE

The defendant seeks to continue the sentencing due to the ongoing COVID-19 pandemic, arguing that "there is good reason to believe that Mr. Irish and other participants may be at risk to exposure to the virus" if the sentencing proceeds as scheduled, and requests a continuance of almost two months.   Motion to Continue Sentencing Hearing, ECF No. 90, at 2.   The defendant claims that he was diagnosed with "cough-variant asthma," which may increase his risk of severe illness if he were to contract COVID-19.   There is no mention of any asthma diagnosis in the Presentence Investigation Report, and the defendant has not provided medical documentation of this condition. The defendant also claims that his prosthetic eye makes it difficult to wear a mask.   He also notes an ADHD diagnosis, and states that the CDC recognizes that some people with developmental or behavioral disorders may have difficulties "practicing preventative measures."   *Id.* at 3-4.   Finally, the defendant contends that a delay will not prejudice the

2

government. *Id.* at 2-3.   The defendant does not argue that he needs additional time to prepare for sentencing, or that the issues at the sentencing hearing will be unusually complex. Rather, the defendant seeks to continue the sentencing hearing on the sole basis that there could be a risk of exposure to COVID-19 if the hearing proceeds as scheduled.

## ARGUMENT

Although the government recognizes the danger that COVID-19 poses, the government also notes that the Court has instituted protocols and procedures to hold safe in-court proceedings.   These safety measures include social distancing, a mask requirement, and routine cleaning.   Indeed, grand jury has been in session with these protections in place, and trials are scheduled to resume in March of 2021.   These safety measures will protect all parties involved from an unreasonable risk of exposure to COVID-19 and keep intact all of the defendant's rights. Accordingly, the motion to continue the sentencing should be denied.

### A.  The Court Has Implemented Appropriate Safety Measures.

To facilitate safe in-person hearings, the Court has developed a comprehensive plan that requires social distancing and mask wearing, deep cleaning of the courtroom, and other similar measures.   Protocol Governing In-Court Proceedings Due to Exigent Circumstances Created by COVID-19, ADM-1, Order 20-27.   Additionally, the order limits the number of people allowed in the courtroom, and requires that any individual attending the hearing, including the defendant and counsel, comply with the Court's Standing Order regarding entrance to the Courthouse.   *Id.*; *see also*, Restricted Public Access to Rudman Courthouse and Cleveland Federal Building, ADM-1, Order 20-33.

In addition, on January 25, 2021, the Court entered an order requiring detention facilities to screen defendants for fever and other COVID-19 symptoms before transporting them to the

courthouse.   Protocol Mandating Detention Facilities to Screen Detainees Before Transporting

to the Rudman Courthouse, ADM-1, Order 21-3.   Detention facilities are directed not to

transport a defendant if the individual has any COVID-19 symptoms or the facility cannot

otherwise guarantee that the defendant satisfies the Court's public access restrictions.   *Id.*

### B.  The Safety Measures Implemented by the Court Adequately Protect Against an Unreasonable Risk of Exposure to COVID-19.

The defendant vaguely asserts that he and other participants "may" be at risk to exposure

to the virus if the sentencing hearing proceeds on February 18, 2021.   The defendant's choice to

proceed with an in-person hearing necessitates some risk, and the Court is doing everything to

appropriately mitigate that risk.   And, at this time, there are no known cases of COVID-19 at

Merrimack House of Corrections ("MCHOC"), where the defendant is currently housed.   *See*,

ECF No. 90, at 4 ("noting that there are "no current reports of positive tests" at MCHOC.).   The

state has begun providing vaccinations to MCHOC staff and inmates.   *Id.*   In addition, the

process of vaccinating Court Security Officers and deputy U.S. Marshals has begun.

The defendant's arguments related to his health conditions do not alter the analysis.   The

defendant seeks an in-person hearing and the Court can safely provide him with one.   The safety

protocols established by the Court will adequately protect the defendant, counsel, the court, and

any witnesses, from unreasonable exposure to COVID-19.   *United States v. Auzenne*, No. 2:19-

CR-53-KS-MTP, 2020 WL 606556, at *11 (E.D. Miss. Oct. 14, 2020) ("the risk of contracting

COVID-19 is not a sufficient reason to continue this trial, particularly in light of the measures

the Court is taking to mitigate those risks.").

The defendant has a right to in-person, and an option to conduct it by Zoom. He has

exercised his right to an in-person hearing and the Court has determined that it is safe to conduct

an in-person hearing on February 18, 2021.   The defendant should not be permitted to delay the

sentencing indefinitely to a time when *he* deems it to be safe.   Moreover, the defendant has

failed to identify anything about the Court's procedures and protocols that are unreasonable or

unsafe in any way.

## CONCLUSION

The Court has implemented safety measures that will protect all parties involved from an

unreasonable risk of exposure to COVID-19. Accordingly, the motion to continue the sentencing

should be denied.

Respectfully submitted,

Scott W. Murray
United States Attorney


Date: February 10, 2021

/s/ Anna Krasinski
Anna Krasinski
Assistant U.S. Attorney
West Virginia Bar # 12762
53 Pleasant Street, 4th Floor
Concord, NH 03301
603-225-1552
anna.krasinski@usdoj.gov